PER CURIAM.
Appellants, Inverest International, Inc. and Roberto Striedinger, appeal from the forfeiture of a 1980 Cessna T-207 aircraft that had been seized pursuant to sections 329.10 and 329.11, Florida Statutes (1987), for failure to have proper registration under the Federal Aviation Administration (“FAA”). We affirm.
Appellants raise several points on appeal, only one of which requires discussion. They argue that the seizing agency, the Broward County Sheriffs Department, failed to adequately allege and prove a knowing or intentional violation of the Florida registration statutes. The pertinent facts are as follows:
Prior owners of the aircraft registered it in South America with a French registration. The registration expired and the aircraft was deregistered in 1982. When appellants purchased the aircraft, in August of 1986, it had been in the United States for close to three years, had not been reregis-tered either in the United States or South America, and continued to display the expired French registration numbers. In September of 1986, one month after appellants purchased the aircraft, they received notice from the FAA of their need to register the aircraft. The FAA sent notice to *554 appellants in response to a bank’s request to file a lien against the aircraft; appellants had sought to secure a loan using the plane as collateral. Appellants failed to register the aircraft. Thirty to forty-five days prior to the seizure appellants again were notified, this time by a previous owner of the aircraft, that they were required to register the Cessna with the FAA. Again, appellants made no effort to register the plane. Broward County Sheriffs Deputies seized the aircraft when they discovered the French registration had expired and that the aircraft had not been registered with the FAA.
Appellants argued throughout the proceedings and appeal that they were in the process of obtaining registration when the sheriffs department seized the aircraft. Appellants argue that they were repairing the aircraft for inspection and had instructed the company in charge of the repairs, Banyan Air Service, Inc., to obtain registration. Contrary to appellants’ inferences, FAA registration does not require an airworthiness inspection. Further, there is evidence on the record to suggest that the Banyan work order did not include instructions to secure registration until after the seizure.
Both sections 329.10 and 329.11 require a “knowing” violation of the registration requirement. Each provides that an aircraft with improper registration or improper identification numbers may be seized and forfeited under the Florida Contraband Forfeiture Act. Sections 932.701-932.704, Fla.Stat. (1989). Section 329.10(6)(b) provides the following:[1]
Any violation of this section shall constitute the aircraft to which it relates as contraband, and said aircraft may be seized as contraband by a law enforcement agency and shall be subject to forfeiture pursuant to ss. 932.701-932.704.
In this case, appellants had had the plane in the United States for over fourteen months prior to the seizure, had received actual notice from the FAA of their need to register the aircraft only one month after their purchase and had received additional notice from a previous owner thirty to forty-five days prior to the seizure, and still made no attempt to file any documentation with the FAA. The trial court stated:
The evidence has shown that there is all sorts of things that could have been done and it should have been done, and that the only reason for not doing it would seem to have some clandestine use, which I think is implied by the evidence in the case.
The record supports the trial court’s conclusion that appellants knew that the plane required FAA registration and notwithstanding this, they knowingly failed to register the plane.
Appellants also argue that the amended complaint failed to allege a knowing violation of the statutes. The record reflects that appellants only challenged ap-pellee’s failure to prove a knowing violation of the statute rather than a failure to allege the knowledge requirement in the amended complaint; therefore, they have waived this argument by failing to raise it in the trial court.
Accordingly, we affirm the trial court’s judgment.
AFFIRMED.
LETTS and DELL, JJ., concur.
GLICKSTEIN, C.J., dissents with opinion;

. Section 329.11(1)(b) contains similar language.